UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TAMARA MORGAN,                                    No. 2:13-cv-00409-TLN-AC

    Plaintiff,

    v.                                                            MEMORANDUM AND ORDER

XEROX CORPORATION, and DOES 1
through 5, inclusive,

    Defendants.

----oo0oo----

This matter is before the court on Defendant's "motion to compel arbitration and dismiss, or in the alternative, to stay proceedings pending arbitration." (Def.'s Mot. to Compel Arbitration, ECF 7-1.) Plaintiff opposes the motion. (Pl.'s Opp'n, ECF 9.) For the reasons set forth below, Defendant's motion is GRANTED.[1]

///
///
///
///
///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**

Plaintiff brings one claim for "wrongful termination in violation of public policy," alleging that she was wrongfully retaliated against "for simply informing her employer of her good faith belief that false claims were being submitted by her employer to the State of California in the role a fiduciary intermediary for Medi-Cal payments to providers." (Def.'s Notice of Removal, ECF 1, Ex. 1, ¶ 15.) Plaintiff seeks damages "the exact amount of which have not yet been fully ascertained . . . ." (Id. ¶ 16.)

Plaintiff does not dispute that, in accepting her application for employment with Defendant, she electronically signed and agreed to Defendant's Dispute Resolution Program ("DRP"),[2] "which provides [Defendant's] employees with a mandatory system for settling workplace conflicts, including conflicts arising out of the termination of employment." (ECF 7-1 at 2:9-12.) Specifically, the program "constitutes the exclusive and binding methods for [Defendant's] employees to resolve workplace disputes through the following options: Open Door, Internal Conference, Mediation, and Arbitration." (Decl. Of Jamie Son, ECF 7-2, ¶ 7.)[3] Plaintiff also does not dispute that the program is referenced in Defendant's employee guidebook. Finally, Plaintiff does not dispute that she electronically submitted and signed an acknowledgment of receipt and review of the employee guidebook. (See Id., Ex A-4.)

**STANDARD**

"[T]he federal law of arbitrability under the Federal Arbitration Act ("FAA") governs the allocation of authority between courts and arbitrators." Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008). Defendant's motion to compel arbitration concerns Section 2 of the FAA, whichs provides that:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid,

---

[2] The DRP is attached as Exhibit A-1 to the Declaration of Jamie Son (ECF 8.) The court will hereinafter cite to the report as the "DRP."

[3] Jamie Son is Defendant's Senior Human Resources Director. (Id. ¶ 1.)

>    irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  In deciding a motion to compel arbitration, "a court must determine: '(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" McLeod v. Ford Motor Co., 2005 WL 3763354, at *2 (C.D. Cal.) (quoting Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000), and citing Wagner v. Stratton Oakmont, Inc., 83 F.3d 1046, 1048-49 (9th Cir. 1996)).

There is an "emphatic federal policy in favor of arbitral dispute resolution." Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, 473 U.S. 614, 631 (1985).  As such, "'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" Id. at 626 (quoting Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1 at 24–25 (1983)).  "Because waiver of the right to arbitration is disfavored, 'any party arguing waiver of arbitration bears a heavy burden of proof.'" Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 694 (9th Cir. 1986) (quoting Belke v. Merrill Lynch, Pierce, Fenner & Smith, 693 F.2d 1023, 1025 (11th Cir. 1982)).  Therefore, an arbitration agreement may only "be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 131 S.Ct. 1740, 1748 (2011)(quoting Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 687, (1996)).  Courts may not apply traditional contractual defenses, like duress and unconscionability, in a broader or more stringent manner to invalidate arbitration agreements and thereby undermine FAA's purpose to "ensur[e] that private arbitration agreements are enforced according to their terms." Id. at 1748 (quoting Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 478(1989).

///

///

## ANALYSIS

1    Through its motion, Defendant seeks to compel arbitration under the DRP.  Should the
2 court grant the motion to compel, Defendant also seeks to either "dismiss this action pursuant to
3 [Federal Rule of Civil Procedure] 12(b)(1) for lack of subject matter jurisdiction and/or [Federal
4 Rule of Civil Procedure] 12(b)(6) for failure to state a claim upon which relief can be granted or
5 stay the action pending resolution of the arbitration."  (ECF 7-1 at 11:7-16.)
6    Plaintiff does not argue that the agreement does not encompasses the dispute at issue;
7 Plaintiff, instead, argues that the agreement was not valid because the electronic agreement
8 governing the DRP is both procedurally and substantively unconscionable, and thus, Defendant's
9 motion should be denied.  Plaintiff also Argues that "California Contract law must be applied to
10 the [DRP] in determining if it is unconscionable." (ECF 9 at 3:21-22.)[4]

**A.    Enforcement of the Agreement**

Plaintiff maintains that the DRP program in not enforceable because it is both procedurally and substantively unconscionable under California law.[5]  Defendant insists that the agreement is not unconscionable, and thus, is enforceable.

There is no dispute that an agreement cannot be invalidated for unconscionability absent a showing of both procedural and substantive unconscionability.  Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal. 4th 83, 114 (2010).   The procedural element focuses on oppression or surprise due to unequal bargaining power; the substantive element focuses on overly harsh or one-sided results.  Id. at 114. California courts apply a "sliding  scale" analysis in making determinations of unconscionability: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to  come to the conclusion that the term is unenforceable, and vice versa."  Kilgore v. KeyBank, Nat. Ass'n, 673 F.3d 947, 963 (9th Cir. 2012) (quoting Armendariz, 24 Cal. 4th at 89).

---

[4] While Defendant maintains, correctly, that this case is governed by the Federal Arbitration Act ("FAA"), it concedes that the determination of whether the contract is unconscionable, and thus, invalid, as Plaintiff maintains, is governed by California law.  (See generally Def.'s Reply, ECF 11.)

[5] Both parties agree that determining whether or not the agreement is unenforceable due to unconscionability is governed by California Law.

### 1. Procedural Unconscionability

Plaintiff argues that the DRP agreement she concededly agreed to is procedurally unconscionable because it is a contract of adhesion. Specifically, Plaintiff asserts that the agreement left no room for negotiation because it provided that the signee "understand[s] that [Defendant's] consideration of [his or her] application for employment and any offer of employment that may be made to [him or her is] contingent on [his or her] acceptance of the DRP as the exclusive means for resolving all disputes covered under the DRP." (ECF 9 at 4:28-5:3.) Plaintiff concedes that she was also told the same verbally. (Id. at 5:3-4.) The gravamen of Plaintiff's argument is that "the agreement stated that arbitration would be conducted under the 'Rules' of the DRP, which were contained in a separate document than the 'Plan' itself."[6] (Id. at 5:5-7.)

Defendant, in reply, argues that Plaintiff's contention that the DRP agreement is procedurally unconscionable has no merit because: (1) "Plaintiff was provided an electronic copy of the DRP after she was selected to interview with" Defendant; (2) "the DRP [r]ules were clearly incorporated into the DRP and are available to employees"; and (3) "the rules of AAA or JAMS were readily available to Plaintiff via the internet."
(ECF 11 at 4:8-12.)

> Under California law, "[f]or the terms of another document to be incorporated into the document executed by the parties, the reference must be clear and unequivocal, the reference must be called to the attention of the other party and he must consent thereto, and the terms of the incorporated document must be known or easily available to the contracting parties." Shaw v. The Regents of the Univ. of Cal., 58 Cal.App.4th 44, 54, 67 Cal.Rptr.2d 850 (1997). If an arbitration provision is contained within a document that is readily available to

---

[6]Plaintiff relies on Harper v. Ultimo, 113 Cal. App. 4th 1402, 1406 (2003) to support her contention that the agreement is procedurally unconscionable because the rules of arbitration were not attached to the agreement. Harper, however, is inapposite. Contrary to the agreement in this case, the agreement in Harper precluded "tort damages, punitive damages, or any other damages otherwise appropriate in a court of law." Id. at 1406. The court explained that the agreement was procedurally unconscionable because "[t]he customer must inevitably receive a nasty shock when he or she discovers that no relief is available even if out and out fraud has been perpetrated, or even if he or she merely wants to be fully compensated for damaged property." Id. Contrary to the agreement in Harper, the agreement here does not contain any similar limitations on the potential *relief* Plaintiff can receive.

the contracting party, and its incorporation into the primary contract is clear and unequivocal, the arbitration provision is binding on the party. Koffler Elec. Mech. Apparatus Repair, Inc. v. Wartsila N. Am., Inc., No. C–11–0052 EMC, 2011 WL 1086035, at *4 (N.D.Cal., Mar.24, 2011). A Defendant is not required to specify that the incorporated document contains an arbitration clause to make the incorporation valid. Wolschlager v. Fidelity Nat'l Title Ins. Co., 111 Cal.App.4th 784, 791, 4 Cal.Rptr.3d 179 (2003). "All that is required is that the incorporation be clear and unequivocal and that the Plaintiff can easily locate the incorporated document." Id. In this case, the AAA Rules are readily available on AAA's website. The AAA has one set of rules; thus, it is clear which set of rules apply. Wilson v. United Health Group, Inc., 2012 WL 608318 (E.D. Cal Dec. 6, 2012) (applying California law).

Plaintiff's contention that the DRP was unconscionable is unavailing, even if, as plaintiff asserts, the AAA and JAMS rules "were not presented to Plaintiff prior to her agreeing that they would apply to her." (ECF 9 at 5:12-13.) A cursory review of the DRP demonstrated that the "incorporation [of the arbitration rules is] clear and unequivocal and [Plaintiff] can easily locate the incorporated" rules. Wolschlager, 111 Cal. App. 4th at 791. Specifically, the acceptance of the agreement Plaintiff signed states that:

> I understand that [Defendant's] consideration of my application for employment and any offer of employment that may be made to me are contingent on my acceptance of the DRP as the exclusive means for resolving all disputed covered under the DRP. Any arbitration proceeding under the proceeding under the DRP shall be conducted by the American Arbitration Association or Judicial Arbitration and Mediation Services under the DRP and rules, as published and in effect at the time a demand for arbitration is made.

(Decl. of Jamie Son, ECF 8, Ex. A-2.)

Similar to the holding in Wilson, even if "Defendant[] never gave [Plaintiff] a copy of the rules that would govern a disagreement," "a plain reading of the [DRP] provides that the Employment Dispute Resolution Rules of the American Arbitration Association" and the Judicial Arbitration and Mediation Services govern. Wilson, 2012 WL 608318 at *4. Moreover, Plaintiff's contention that she was not able to negotiate the agreement does not render it procedurally unconscionable. See Id. ("Because of the inevitability that one contracting party almost always has a superior bargaining position, other factors need to be present to render an adhesion contract unenforceable.") Here, "besides unequal bargaining power (which is inevitable in an employment contract), no other conditions indicate an oppressive agreement."

Id.; see also Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 33 (1991) ("Mere inequality in bargaining power . . . is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context.")  Based on the foregoing, the court finds that the agreement Plaintiff signed is not procedurally unconscionable.

### 2. Substantive Unconscionability

Plaintiff argues that the agreement is substantively unconscionable because: (1) only Defendant had the right to modify the agreement; (2) the language was one sided — specifically, the agreement provides that only Plaintiff waived rights to have a judge or jury resolve any potential dispute; (3) "discovery is potentially unfairly limited" because the language of the agreement states that "[t]he arbitrator shall have discretion to determine the form, amount, and frequency of discovery by the parties"; (4) "only the Plan, rather than any individual disputant, may waive confidentiality."  (See ECF 9 at 6:13-10:28.)

Defendant counters that the agreement is not substantively unconcscionable because: (1) "the DRP clearly states that it may be amended or terminated only by giving notice, and only prospectively"; (2) the agreement language is not one-sided because the "DRP requires both parties to bring all claims in arbitration"; (3) discovery is not unfairly unlimited because the DRP provides that "discovery may take the form permitted by the Federal Rules of Civil Procedure . . . subject to any restrictions imposed by the arbitrator"; (4) the confidentiality agreement does not render the agreement substantively unconscionable, noting that the "only issue currently before the [c]ourt is whether the arbitration agreement is unconscionable; not the entire DRP."  (ECF 11 at 7:4-10:11.)

An agreement is substantively unconscionable if it is "unfairly one-sided." Little v. Auto Stiegler, Inc., 29 Cal. 4th 1064, 1071 (2003).  Here, Plaintiff's contention that the agreement is substantively unconscionable is unavailing.

///
///
///
///

7

1    First, Plaintiff's argument that the agreement is substantively unconscionable because
2 only Defendant had the right to modify it is unavailing.  Recently, in <u>Miguel v. JPMorgan Chase
3 Bank, N.A.</u>, 2013 WL 452418 (C.D. Cal. Feb. 05, 2013), the court found that arbitration
4 agreements which allow a party to prospectively modify the agreement with notice are
5 enforceable and not illusory.  <u>Id.</u> at *6 (citing <u>24 Hour Fitness, Inc. v. Super. Ct.</u>, 66 Cal. App.
6 4th 1199, 1214 (1998)).  The <u>Miguel</u> court stated that because the arbitration provision at issue
7 "contain[ed] a thirty-day notice provision, the [c]ourt . . . [found] that the provision [was] not
8 illusory." <u>Id.</u>  Similarly here, the agreement provides that the plan may only be "amended after
9 giving at least 10 days notice . . . to current [e]mployees" and that "no amendment will shall
10 apply to a [d]ispute for which a proceeding has been initiated . . . ."  (DRP § 6.)  Because, as was
11 the case in <u>Miguel</u>, the plan can only be amended with notice, and no amendment may apply
12 retroactively to current disputes, that only Defendant may amend the plan does not render the
13 agreement substantively unconscionable.

14   Second, contrary to Plaintiff's contention, the Agreement was mutual: the plan states that
15 it is "intended to create an exclusive mechanism for the final resolution of *all disputes* falling
16 within its terms" and that the "Plan applies to and *binds the Company*, each Employee and
17 Applicant."  (DRP §§ 1, 3) (emphasis added).

18   Third, even if Plaintiff's contention that discovery may be *potentially* limited is correct,
19 that does not render the agreement substantively unconscionable.  Specifically, the agreement's
20 dispute resolution rules provide that "Discovery may take any form permitted by the Federal
21 Rules of Civil Procedure" subject, however, "to any restrictions imposed by the arbitrator."
22 (Decl. of Ex. A-1 at 4, § 11(c).)  This is almost identical to discovery practice in federal court,
23 which allows the court to "limit the frequency or extent of discovery otherwise allowed by [the
24 Federal Rules of Civil Procedure] or by local rule."  Fed. R. Civ. P. 26(b)(2).  As such, Plaintiff's
25 contention that "discovery is potentially unlimited" simply does not hold water.

26   Finally, Plaintiff's contention that the agreement's confidentiality provision renders the
27 agreement substantively unconscionable is unavailing.  Instead, the mere fact that the agreement
28 contained a confidentiality clause does not, in-and-of-itself, make the entire agreement

unconscionable such that it should not be enforced.

Plaintiff's reliance on Ting v. AT&T, 319 F.3d 1126 (2003) to support this argument is inapposite. Specifically, plaintiff in Ting brought suit against AT&T on behalf of a putative class of California residents who entered into a contract with AT&T that contained a clause demanding that any arbitration remain confidential. Id. at 1130. The Ting court, citing a number of factors, found that certain provisions of AT&T's contract were unconscionable, in part because the confidentiality agreement "placed [AT&T] . . . in a far superior legal posture in that it ensured that none of AT&T's potential opponents had access to precedent which, at the same time, the carrier acummulated wealth of knowledge on how to negotiate terms of its own unilaterally crafted contract." Id. at 1152. The court explained that the confidentiality provision was "particularly harmful . . . , because the contract at issue affect[ed] seven million Californians." Id.

First, unlike the contract in Ting, the DRP agreement at issue here does not affect "seven million Californians"; it only affects persons who accept employment with Defendant. Id. Second, unlike here, in Ting, the court found that a number of contractual provisions were unconscionable.[7] Specifically, before even discussing the confidentiality agreement, the court found that the contract's fee-splitting scheme was unconscionable because "it imposes on some consumers costs greater than those a complainant would bear if he or she would file the same complaint in court." Id. at 1152. The court also found that the contract's class-action provision was unconscionable. Id. at 1150. Third, unlike what Plaintiff seeks to do here, the court did not deny a motion to compel arbitration; it only found that "the Legal Remedies provisions of the contract [was] unenforceable as unconscionable under California law." Id. Finally, in Ting the court only found that the legal remedies provision of the contract was unconscionable based on the *cumulation of these factors*. Here, conversely, as explained above, the court finds that Plaintiff has failed to show that any other aspect of the DRP was substantively unconscionable.

///

---

[7]The Ting court also found that the contract was procedurally unconscionable. Id. at 1149.

Based on the foregoing, the court finds that the contract here is neither substantively nor procedurally unconscionable.[8] The "emphatic federal policy in favor of arbitral dispute resolution" therefore militates in favor of compelling arbitration in this case. Mitsubishi Motors Corp., 473 U.S. at 631. As such, Defendant's motion to compel arbitration is GRANTED.

**B.     Motion to Dismiss or, in the Alternative, Stay Proceedings**

Defendant asks the court to dismiss this case for lack of subject matter jurisdiction and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. In the alternative, Defendant asks the court to stay this action pending resolution of the arbitration. Defendant argues that the court may dismiss Plaintiff's complaint because Plaintiff's sole claim for wrongful termination is subject to arbitration. (ECF 7-1 at 14:16-18.)

Plaintiff maintains that, if the court grants defendant's motion to compel arbitration, by the plain language of the FAA, this case should be stayed and not dismissed. (ECF 9 at 12:3-5.) "Plaintiff suggests that this court issue a stay as it will make it easier the have an arbitration award confirmed, vacted, or modified." (Id. at 12:6-8.)

The plain language of the FAA provides that the court should "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, . . ." 9 U.S.C. § 3. However, Defendant is correct in noting that "9 U.S.C. **§** 3 gives a court authority, upon application by one of the parties, to grant a stay pending arbitration, but does not preclude summary judgment when all claims are barred by an arbitration clause. Thus, the provision does not limit the court's authority to grant dismissal in the case." Sparling v. Hoffman Construction Co., 864 F.2d 635, 638 (9th Cir. 1988). Indeed, this court has "found that [because] all of Plaintiff's individual claims [were] properly subject to arbitration," "dismissal of Plaintiff's claims [was] appropriate." Eshagh v. Terminix Inten. Co. L.P., 2012 WL 1669416 at *10 (E.D. Cal. May 11, 2012).

///

---

[8] Indeed, the Northern District of California, in Luafau v. Affiliated Computer Services, Inc., 2006 WL 1320472 (N.D. Cal. May 15, 2006), granted a motion to compel arbitration where the DRP contained almost identical language to the clauses Plaintiff complains of here.

10

Here, as set forth above, the court has found that Plaintiff's sole claim — wrongful termination in violation of public policy — is subject to arbitration. Plaintiff's complaint is therefore dismissed with prejudice. See Lewis v. UBS Financial Services Inc., 818 F. Supp. 2d 1161, 1169 (2011) (finding that, because all of plaintiff's claims were subject to arbitration, dismissal with prejudice is appropriate.)

## CONCLUSION

Based on the foregoing, Defendant's motion to compel arbitration is GRANTED and the instant action is DISMISSED with prejudice. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED

DATED:   May 15, 2013

_____
Troy L. Nunley
United States District Judge